**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(West Palm Beach Division)**

**CASE NO.:**

ALLISON DANNEHOLD n/k/a ALLISON
WEATHERSPOON, an individual,

      Plaintiff,

v.

VICTORIA J. MORTON, Individually and
VICTORIA J. MORTON, P.A., A Florida
Professional Service Company,

      Defendants.

_____/

## <u>COMPLAINT</u>

Plaintiff, ALLISON DANNEHOLD, by and through her undersigned counsel, hereby files this Complaint and sues VICTORIA J. MORTON, individually and as owner/operator of VICTORIA J. MORTON, P.A., and as grounds therefore states as follows:

## <u>JURISDICTION, PARTIES AND VENUE</u>

1.     This action is for damages resulting from unpaid wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §§206, 207 ("FLSA") and Florida law.

2.     This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §§206, 207.  This Court has pendant jurisdiction over DANNEHOLD's claims for unpaid wages.

3.      Plaintiff DANNEHOLD worked in Palm Beach County, Florida for Victoria J. Morton, P.A. and for Ms. Morton directly.

4.      DANNEHOLD at all times material hereto was employed with and by Defendants and is otherwise sui juris.

5.      Upon information and belief, Defendants reside in Palm Beach County, FL, and are engaged in and doing business in the State of Florida, including Palm Beach County.   Victoria J. Morton is a member of The Florida Bar and a member of the Bar of the United States District of Florida, Southern District of Florida.   She maintains her legal practice, according to the Florida Bar's website, in Palm Beach Gardens.  According to her firm's website, she handles a variety of legal matters including disputes relating to landlord tenant matters, and provides guidance and legal advice to homeowners associations and condominium associations.

6.      DANNEHOLD was hired by Hartley & Morton, P.A., a law firm in which Victoria J. Morton, Esq., was a partner, and worked there without incident until Attorney Hartley retired.  She was then offered a position by Ms. Morton to work for Victoria J. Morton, P.A.

7.      Victoria J. Morton owns Victoria J. Morton, P.A., and directly supervised DANNEHOLD, including setting her work hours, determining her compensation rate, and directing her day to day job responsibilities.  Ms. Morton was responsible for paying (or not paying) DANNEHOLD.  She is individually liable under the Fair Labor Standards Act as to DANNEHOLD's claims for unpaid wages and violations of the FLSA.  Victoria J. Morton, P.A. and Ms. Morton were joint employers of DANNEHOLD.

8.   DANNEHOLD worked for Defendants as a paralegal, responsible for managing communications with clients, processing incoming and outgoing mail, making bank deposits, processing bank estoppels with, among others, federally chartered banks, communicating directly with various FDIC Insured banks by written communications and telephonically, communicating directly with Fannie Mae and other federal institutions regarding foreclosure matters, ordering various supplies, and various other activities within interstate commerce.

9.   Victoria J. Morton, P.A. and Ms. Morton were, at all material times, the employer of DANNEHOLD, as that term is defined under the FLSA..

10.  Palm Beach County, Florida is the proper venue for this action because this cause of action arose in this County and DANNEHOLD performed work for MORTON in Palm Beach County, Florida. DANNEHOLD was employed by and had dealings with MORTON in Palm Beach County, Florida.

11.  DANNEHOLD worked regularly for Defendants in Defendants' office, working forty (40) hours per week. Starting in May 2018, Defendants stopped paying DANNEHOLD. Defendants did not tell DANNEHOLD that they would not pay her, but instead continually told DANNEHOLD that her paycheck would be given to her, stringing her along so that she continued working for Defendants. DANNEHOLD, after not being paid for a number of workweeks, finally resigned.

12.  Defendants failed to pay DANNEHOLD the mandatory wages as required under state and federal law.

13.  Defendants, upon information and belief, have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum, and sells and rents goods within interstate commerce.

14.  Defendants, at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act in that Defendants use the instrumentalities of commerce, including mails, telephones, banks, among others.

15.  In addition, DANNEHOLD's job responsibilities placed her individually within the stream of commerce as she routinely processed incoming and outgoing mails, worked with various federal banks for processing real estate transactions, made bank deposits, and communicated with persons outside the State of Florida routinely for purposes of conducting the business of Defendants.

16.  DANNEHOLD received paychecks from Defendants, and each of them.

17.  DANNEHOLD worked for Defendants but was not paid for such work as required under the FLSA.

18.  Ms. Morton had operational control over the projects at which DANNEHOLD worked, set her compensation, directed her day to day job responsibilities, assigned her tasks, and controlled where she reported to work, when she reported to work and what she did at work.  For purposes of the FLSA, Ms. Morton was DANNEHOLD's employer (jointly with Victoria J. Morton, P.A.

## COMMON ALLEGATIONS

19.  DANNEHOLD was employed with MORTON for many years.

20.     DANNEHOLD and Defendants entered into an agreement for DANNEHOLD to work for Defendants as a paralegal.  She worked forty (40) hours per week.  She was not paid for those work hours at all.  She is currently owes DANNEHOLD a total of $9,850.  .

**COUNT I**
**VIOLATIONS OF THE FLSA 29 USCA§ 206**
**MINIMUM WAGE**

DANNEHOLD re-alleges Paragraphs 1 through 20 as set forth herein.

21.     DANNEHOLD is a covered, non-exempt employee and is entitled to be paid for all hours that she worked.

22.     DANNEHOLD worked on behalf of MORTON without the benefit of being paid as required by the FLSA.

23.     MORTON's failure to properly compensate DANNEHOLD is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

24.     DANNEHOLD is also entitled to liquidated damages as set forth under the FLSA.

25.     As a direct and proximate result of MORTON's actions, DANNEHOLD obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, DANNEHOLD is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

26.     As a direct and proximate result of MORTON's actions, DANNEHOLD has suffered damages.

27.   As a result of MORTON's conduct, DANNEHOLD is entitled to unpaid wages, unpaid minimum wages, liquidated damages, attorney's fees and other penalties.

**WHEREFORE**, DANNEHOLD prays that judgment be entered in his favor and against MORTON for all unpaid minimum wages, liquidated damages, attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that DANNEHOLD be awarded such other and further relief as the Court deems just and proper.

<u>**COUNT II**</u>
<u>**UNPAID WAGES**</u>

DANNEHOLD re-alleges Paragraphs 1 through 20 as set forth herein.

28.   DANNEHOLD is a covered, non-exempt employee who was promised $25 per hour for her services as a paralegal.

29.   Defendants failed to pay DANNEHOLD, resulting in unpaid wages owed to her in the amount of $9,850.

30.   As a direct and proximate result of MORTON's actions, DANNEHOLD obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. Pursuant to §448.08, Fla. Stat., DANNEHOLD is also entitled to attorney's fees and costs for being forced to file this lawsuit to be paid the monies owed to her.

**WHEREFORE**, DANNEHOLD prays that judgment be entered in her favor and against Defendants, jointly and severally, for all monies owed to her in back wages, plus attorneys' fees and costs of suit.

Respectfully Submitted,

/s  Robyn S. Hankins
Robyn S. Hankins
Florida Bar No. 0008699
ROBYN S. HANKINS, P.L.
4600 Military Trail, Suite 217
Jupiter, FL 33458
Telephone: (561) 721-3890
Facsimile: (561) 721-3889
robyn@hankins-law.com