**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO. 9:19-CV-80598-DMM

ALLISON DANNEHOLD n/k/a ALLISON
WEATHERSPOON, an individual,

      Plaintiff,

v.

VICTORIA J. MORTON, Individually and
VICTORIA J. MORTON, P.A., A Florida
Professional Service Company,

      Defendants.
_____/

**DEFENDANTS',VICTORIA J. MORTON AND VICTORIA J. MORTON, P.A.,**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE,**
**MORTION FOR A MORE DEFINITE STATEMENT**

      Defendants, VICTORIA J. MORTON and VICTORIA J. MORTON, PA, by and through

undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files a

Motion to Dismiss the Plaintiff's Complaint, as grounds thereof, Defendants state:

### I.    *PRELIMINARY STATEMENT*

      Plaintiff brought this action for alleged federal minimum wage violations (Count I) under

the Fair Labor Standards Act ("FLSA") and Unpaid Wages (Count II).

      The Complaint must be dismissed for including multiple defendants in each count of the

complaint, for failing to establish a cause of action under FLSA, and for failing to comply with

the pre-suit requirements for unpaid wages under F.S. 448.

## II.    ARGUMENT

### A.  STANDARD OF REVIEW

The function of a Motion to Dismiss a Complaint is to raise, as a question of law, the sufficiency of the facts alleged to state a cause of action.  *Connolly v. Sebeco, Inc.,* 89 So.2d 482 (Fla. 1956). Thus, the "fundamental question [is] whether a cause of action would be established by proving such allegations." *Robert L. Turchin, Inc. v. Gelfand Roofing, Inc.,* 450 So.2d 554 (Fla. 3d DCA 1984). While the purpose of a Motion to Dismiss, the Court is required to accept as true all well-pleaded allegations of the Complaint, it is not, however, required to accept as true the allegations that are inconsistent with the law. *Brown v. First Fed. Sav. & Loan Ass'n of New Smyrna,* 160 So.2d 556, 563 (Fla. 1st DCA 1964).  The Pleadings must be construed against the pleader in determining whether the necessary allegations have been stated. *Pegg v. Bertram,* 176 So.2d 918, 921 (Fla. 3d DCA 1965), citing to *Matthews v. Matthews,* 122 So.2d 571 (Fla 2d DCA 1960).  Furthermore, the pleading may not survive a Motion to Dismiss based on an allegation that is merely supplied by inference.  *Pegg,* 176 So.2d at 921.

### B.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR JOINING MULTIPLE DEFENDANTS INTO ONE COUNT

Defendant, VICTORIA J. MORTON, is identified individually in the Complaint, separate and distinctly from Defendant, VICTORIA J. MORTON, PA.   However, the Plaintiff has filed a two count Complaint, naming both Defendant's in each count, without distinguishing each Defendant's actions separately.  By lumping the Defendants in the case together at each count, without differentiating the acts and/or omissions of each individual person and entity, Defendants are unaware of which allegation or claims are apportioned to each Defendant.

Specifically, in the case at hand, Plaintiff filed a two count Complaint, with both Counts referencing alleged violations and/or conduct against all Defendants. While Plaintiff references a Defendant(s) as "Morton", Plaintiff does not clarify that "Morton" is collectively referencing both Defendants. [D.E. 1 ¶ ¶ 23, 25, 26, 27 and 30]. Moreover, the Plaintiff utilizes allegations at those paragraphs of, "Morton's failure to properly compensate", that the "direct and proximate result of Morton's action", and "as a result of Morton's conduct", but Plaintiff fails to apportion what conduct or actions of each Defendant supports the counts, including what alleged damages are apportioned to each Defendant.

This method of lumping Defendants together in singular counts of the pleading is improper, rendering dismissal appropriate. Where a Complaint names multiple Defendants, a Plaintiff should not plead distinct claims against all Defendants together. *K.R. Exch. Servs. Fuerst, Humphrey, Ilttleman, PL*, 48 So.3d 889, 893 (Fla. 3d DCA 2010); *Pratus v. City of Naples,* 807 So.2d 795, 796-97 (Fla. 3d DCA 2002) (holding that a Complaint that names multiple Defendants must plead separate counts as to each Defendant rather than grouping all Defendants together in multiple counts).

In *Pratus,* two Plaintiffs brought suit against three Defendants alleging three causes of action. *Id* at 796. In Counts I and III of the Complaint, the Plaintiffs lumped all of the Defendants together. Id. The Court held that the pleading was improper because the Plaintiff's arguably had at least three separate causes of action against three distinct Defendants, respectively, and that each claim asserted against each defendant should have been pled in separate counts. *Pratus*, 807 So.2d at 797. Likewise in *K.R. Exchange Services Inc*., the Court determined that the Plaintiffs' group claim against various Defendants failed to comply with Fla. R. Civ. P. 1.110(b). The Court reasoned that, "a party should plead each distinct claim in a separate count, rather than plead the

various claims against all of the Defendants together." *K.R. Exchange Services, Inc.* 48 So.3d at 893.

A Complaint that elects to depart from what is required is subject to dismissal because it hinders the ability of each Defendant from ascertaining the nature of the acts and/or omissions being asserted against him. *Pratus,* 807 So.2d at 797; see also *Semino Tribe of Fla. V. Times Publ'g Co.,* 780 So.2d 310, 314 (Fla. 4th DCA 2001). Accordingly, the Plaintiff's Complaint for lumping the Defendants together, without allegation as to which Defendants engaged in the various actions, as it relates to all counts, should be dismissed.

### C. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILING TO PLEAD A CAUSE OF ACTION FOR FLSA WHICH REQUIERS ESTABLISHING TWO (2) OR MORE EMPLOYEES TO CONSTRUE "ENTERPRISE ENGAGED IN COMMERCE."

To state a claim under the FLSA for unpaid wages, an employee must allege: (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. See *Morgan v. Family Dollar 4 Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A). Based upon the definition, an employer is only considered an "enterprise engaged in commerce" if it has two or more employees who are engaged in commerce. *Amorim v. GMR Int'l Cuisine, Inc.*, Case No.: 6:17-cv-578- Orl-37TBS, 2017 WL 3835860, *3 (M.D. Fla. Aug. 9, 2017). Nowhere within the

four corners of the Complaint does the Plaintiff make an allegation that two (2) or more employees worked for the Defendants.  Accordingly, Count I of the Complaint must be dismissed.

### D.  FAILURE TO PROVIDE PRESUIT NOTICE AS TO COUNT II

At Count II of the Complaint, Plaintiff alleges a Count for Unpaid Wages and relies on Florida Statute § 448.08 for attorney's fees and costs.  It is assumed that Plaintiff is relying on Florida Statute 448.110 as its basis for the cause of action, which is the Florida Minimum Wage Act.   However a cause of action relying on § 448.110 requires that a Plaintiff first serve proper pre-suit notice of the claim.  Pursuant to Florida Statute § 448.110(6)(a) a party intending to bring suit for unpaid wages must provide pre-suit written notice to the employer stating the intent to bring such an action.  Specifically the statute provides that the notice must, "identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice."

Plaintiff fails to both allege having complied with the pre-suit notice requirements and fails to attach a copy of the pre-suit notice.  A dismissal is proper when the Court cannot determine whether Plaintiff complied with the statutory pre-suit notification procedure.  See *Gomez v. Kern*, No. 12-20622-CIV-COOKIE/TURNOFF, 2012 US Dist. Lexis 44102, at 4-5 (S.D. Fla. Mar. 29 2012).

Dismissal of Count II is proper for Plaintiff failure to comply with the pre-suit requirements of Florida Statute § 448.110.

*MOTION FOR MORE DEFINITE STATEMENT (IN THE ALTERNATIVE)*

In a Complaint which names more than one (1) Defendant and the allegations do not identify with specificity the particular Defendant who allegedly committed each alleged wrongful act, a trial court can require a more definite statement on its own motion to cure insufficient pleading. .See *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).  As indicated above, by the lumping of Defendants together, without allegation as to which Defendants engaged in which actions, Defendants are unable to sufficiently answer the Complaint and require more definitive statements.

### III.     CONCLUSION

For the foregoing reasons, dismissal of Plaintiff's Complaint is warranted in this case, as Plaintiff's Claims for Violation of the FLSA (Count I) and Unpaid Wages (Count II) fails due to lumping multiple Defendants in each Count, failing to plead a cause of action for FLSA showing two or more employees to establish an enterprise engaged in commerce, and the Plaintiff failed to allege compliance with the pre-suit notice requirements of the Florida Minimum Wage Act.

WHEREFORE, Defendants request the Court enter an order dismissing Plaintiff's Complaint in its entirety, or in the alternative, compel Plaintiff to provide a more definite statement as to both counts.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), undersigned counsel for Defendants, for purposes of this motion, certifies that she has conferred with the Plaintiff's counsel in a good faith effort to resolve the issue raised in this motion after having been served with the Plaintiff's complaint.

DATED: June 14, 2019

Victoria J. Morton, PA
6864 Hendry Drive
Lake Worth, FL 33463
Telephone (561) 891-8022

By:  /s/ Victoria J. Morton
      Victoria J. Morton
      Fla. Bar No.: 0676462
      victoria@vjmlegal.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 14, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of recorded identified on the Service List in the manner specified via transmission of Notice of Electronic Filing generated by CM/ECF.

By:  /s/ Victoria J. Morton
      Victoria J. Morton