UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80598-Civ-Middlebrooks/Brannon

ALLISON DANNEHOLD
a/k/a ALLISON WEATHERSPOON,

    Plaintiff,

v.

VICTORIA J. MORTON,
individually, and VICTORIA J. MORTON, P.A.,
a Florida Professional Service Company,

    Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Plaintiff Allison Dannehold's Motion for Summary Judgment, filed on August 23, 2019. (DE 33). Defendants Victoria J. Morton and Victoria J. Morton, P.A. have not responded to the Motion.[1] For the following reasons, Plaintiff's Motion is granted.

### BACKGROUND

In this Fair Labor Standards Act ("FLSA") dispute, Plaintiff alleges that Defendant Victoria J. Morton, P.A. (the "Firm") did not pay her the required minimum wages. Plaintiff was employed by the Firm as a paralegal from 2017 until 2018. (DE 32-1 at 1 ¶ 1, Plaintiff's Statement of Material

---

[1]Defendants response was due by September 6, 2019. Because Defendants failed to file a response by that date, I ordered them to show cause why the Motion should not be granted and why Defendants failed to timely respond by September 20, 2019. (DE 34). That day has passed, and Defendants have not even acknowledged the show cause order. Accordingly, I will address the merits of the unopposed Motion for Summary Judgment. *See, e.g., Howard v. Gee*, 538 F. App'x 884, 891 (11th Cir. 2013) ("[A] district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." (internal quotations and citation omitted)).

1

Facts "PSMF"). In that capacity, Plaintiff regularly utilized the instrumentalities of interstate commerce, including the use of interstate telephone, facsimiles, and mail. (*Id.* at 2 ¶ 5, PSMF).

Under the Parties' employment contract, Defendant was required to pay Plaintiff $25/hour. (*Id.* at 3 ¶ 10, PSMF). However, Plaintiff was never compensated for work she performed between May 13, 2018 and July 14, 2018. (*Id.* at 3-4 ¶ 11, PSMF). In an effort to obtain that compensation, Plaintiff initiated this lawsuit on May 3, 2019. (DE 1).

Plaintiff brings two claims against Defendants: 1) an FLSA unpaid wages claim; and 2) a Florida common law unpaid wages claim. (*Id.*). Aside from filing a Motion to Dismiss in June (DE 15), the record reflects that Defendants have not participated in this litigation in any manner.[2]

In the present Motion, Plaintiff seeks summary judgment as to both of her claims. (DE 33). Plaintiff asks that I enter an award compensating her for the damages associated with the 384 hours of wages Defendants failed to pay Plaintiff. (*Id.* at 9).

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). "Genuine disputes are those in which the evidence is such that a

---

[2] In the Motion to Dismiss, Defendants argued that this case should be dismissed because: 1) Plaintiff improperly joined multiple defendants in one count; 2) Defendant Victoria J. Morton P.A. is not an enterprise "engaged in commerce" for FLSA purposes; and 3) Plaintiff failed to comply with Florida's pre-suit requirement for the Florida unpaid wages claim. (DE 15). That motion remained pending when Plaintiff filed the present Motion for Summary Judgment (ahead of the dispositive motions deadline). Because Defendants have not taken any action in this litigation, aside from filing the Motion to Dismiss, I will address the pending summary judgment motion. Accordingly, the Motion to Dismiss is denied as moot.

2

reasonable jury could return a verdict for the non-movant." *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005). "For factual issues to be considered genuine, they must have a real basis in the record." *Id.* at 1326 (internal citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge at summary judgment. Thus, [the court] do[es] not determine the truth of the matter, but instead decide[s] only whether there is a genuine issue for trial." *Barnett v. PA Consulting Group, Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013) (quoting *Pardo-Kronemann v. Donovan*, 601 F.3d 599, 604 (D.C. Cir. 2010)).

Plaintiff is moving for summary judgment as to all of her claims and she bears the burden of proving those claims at trial. When the moving party bears the burden of proof at trial, "the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (internal citation omitted). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Id.* (internal quotations and citations omitted). The Court must view all evidence in the light most favorable to the party opposing the motion and must resolve all reasonable doubts in the non-movant's favor. *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990).

## ANALYSIS

### I. Plaintiff's FLSA Claim

The FLSA mandates that an employee who is sufficiently connected to interstate commerce must be paid at a rate of a least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). To prevail on her unpaid

minimum wage claim Plaintiff must establish that she was: 1) employed by Defendants during the applicable period; 2) engaged in commerce or in the production of goods for commerce; and 3) was not paid the required minimum wage by Defendants. 29 U.S.C. § 206(a).

### A. Individual Liability of Defendant Morton

Initially, Plaintiff argues that both Defendants qualify as her employer for FLSA purposes. Defendant Victoria J. Morton, P.A. was Plaintiff's direct employer and therefore is liable to Plaintiff for any FLSA violations. (DE 32, ¶ 1, PSMF). However, there is an extra step required to make corporate agents personally liable for FLSA violations. Thus, the inquiry becomes whether Plaintiff has provided sufficient evidence establishing that Defendant Victoria J. Morton is individually liable under the FLSA. The Eleventh Circuit holds that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (citation omitted). Thus, to adequately plead that a corporate officer is personally liable, a plaintiff must allege that such an individual is either "involved in the day-to-day operation" of the business or has "some direct responsibility for the supervision of the employee." *See id.* at 638; *see also Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309-10 (11th Cir. 2013) (categorization of supervisors as "employers" depends on job functions, not titles).

Plaintiff has provided evidence that Defendant Morton was involved with the day to day operation of the Firm and directly supervised Plaintiff. Specifically, according to Plaintiff's Statement of Undisputed Material Facts, Defendant Morton "directly supervised [Plaintiff by] setting her work hours, determining her compensation rate, and directing her day to day job responsibilities." (DE 32 at 2 ¶ 4). As discussed, Defendants have not responded to the Motion in any manner;

therefore, those facts, and any other facts in Plaintiff's Statement of Material Facts, are undisputed for the purposes of deciding this Motion. Accordingly, Defendant Morton is individually liable for the Firm's FLSA violation(s).

### B. "Coverage" Under the FLSA

The next issue is whether Plaintiff is "covered" by the FLSA. To establish a claim for overtime or minimum wage compensation under the FLSA, a plaintiff must show that she was "covered" by statute, either through enterprise coverage or individual coverage. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). In the present motion, Plaintiff argues that she is individually covered by the FLSA. (DE 33 at 6). For individual coverage to apply under the FLSA, Plaintiff must show that she was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266. It appears that Plaintiff is proceeding on the "engaged in commerce" theory. (*See* DE 45 at 10-11). In *Thorne*, the Eleventh Circuit stated:

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be *directly participating in the actual movement* of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266 (emphasis added) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493–98 (1943)).

The undisputed record evidence establishes that Plaintiff "regularly us[ed] the instrumentalities of interstate commerce in [her] work." In the course of her employment, Plaintiff's responsibilities included:

> managing communications with clients and out-of-state parties, processing incoming and outgoing mail, making bank deposits, processing bank estoppels with, among

5

> others, federally chartered banks, communicating directly with various FDIC insured banks by written communications and telephonically outside of the State of Florida, communicating directly with Fannie Mae and other federal institutions outside of Florida regarding foreclosure matters, ordering various supplies from vendors outside of the State of Florida, and various other activities within interstate commerce.
>
> [Plaintiff] would also frequently telephone and send facsimiles to banking personnel outside of the State of Florida, among others.

(DE 32 at 2-3 ¶ 5, PSMF). These undisputed material facts establish that Plaintiff is individually covered by the FLSA.

### C. Unpaid Minimum Wage(s)

Next, Plaintiff must establish that the undisputed material facts demonstrate that Defendants did not pay her the required minimum wage. The statutory minimum wage, under the FLSA, is $7.25/hour. 29 U.S.C. § 206(a)(1)(C). Here, it is undisputed that Plaintiff worked forty hours per week between May 13, 2018 and July 14, 2018. (DE 32 at 4-5 ¶ 12(a-k), PSMF). And Defendants have not compensated Plaintiff for her work during that time. Accordingly, I conclude that Plaintiff has established that Defendants failed to pay her the required minimum wage.

For these reasons, I find that the undisputed material facts establish that Defendants violated FLSA's minimum wage provision.

## II. Florida Breach of Contract Claim

Plaintiff also brings a breach of contract claim, under Florida common law, against Defendants. Florida state courts have found such a claim to be actionable. *See, e.g., Coffie v. Dist. Bd. Of Trs., Miami-Dade Comm. Coll.*, 739 So. 2d 148 (Fla. 3d DCA 1999) ("Surely, a successful breach of contract claim which resulted in the award of 'back pay' to [the plaintiff] was an action for 'unpaid wages' . . . ."); *McRae v. Douglas*, 644 So. 2d 1368, 1371 n.1 (Fla. 5th DCA 1994). The undisputed material facts establish that Defendants agreed to compensate Plaintiff at a rate of $25/hour. (DE 32 at 4 ¶ 11, PSMF). Plaintiff worked forty hours per week between May 13, 2018,

6

and July 14, 2018; however, Defendants failed to pay her, as was required by the Parties' employment contract. Accordingly, I find the record contains no disputed facts as it relates to Plaintiffs' unpaid wage claim (under Florida law), meaning Plaintiff is likewise entitled to summary judgment on this claim.

## III. Damages

Plaintiff seeks a total of $13,018 in damages. I now address whether awarding that amount of damages is appropriate.

### A. Damages Under the FLSA

As discussed, the FLSA sets a $7.25 as the hourly rate for minimum wage. Plaintiff asks that I utilize Florida's minimum wage rate when calculating the unpaid wages award. Because the FLSA provides for a different rate, I decline to do so and will instead utilize FLSA's rate. According to the undisputed material facts, Plaintiff worked 384 hours without pay. (DE 33 at 9) (citing PSMF). As a result, Plaintiff is entitled to an FLSA unpaid wages award of $2,784 (384 hours X $7.25).

Plaintiff also seeks liquidated damages. The FLSA provides for the recovery of additional liquidated damages equal to the amount of a plaintiff's unpaid minimum wage and overtime compensation. *See* 29 U.S.C. § 216(b). Liquidated damages for overtime are also available for amounts that the employer actually paid the employee "if the employer failed to pay . . . overtime on the regular payment date." *Arroyave v. Rossi*, 296 F. App'x 835, 836-37 (11th Cir. 2008) (citing *Atl. Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1945)). The Court, however, has discretion to refuse to award liquidated damages when "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938." 29 U.S.C. § 260.

7

Defendants, of course, have made no attempt to demonstrate good faith compliance with the FLSA. Accordingly, Plaintiff is entitled to liquidated damages in the amount equal to Plaintiff's unpaid minimum wage award, which is $2,784.

Thus, Plaintiff's entire FLSA award is $5,568 ($2,784 in unpaid wages and the same amount in liquidated damages).

### B. Damages Under the Florida Unpaid Wages Claim

Plaintiff also requests damages for the Florida unpaid wages claim. Under Plaintiff's employment contract, she was supposed to be paid $25/hour. (DE 32-1 at 3 ¶ 10, PSMF). However, Defendants failed to pay Plaintiff for 384 hours of work, meaning she is entitled to an award of $9,600 for her Florida law unpaid wages claim (384 hours X $25).

### C. Duplicative Damages

In her Motion, Plaintiff recognizes that the FLSA award for unpaid wages is duplicative of the Florida unpaid wages award. Accordingly, I will reduce Plaintiff's award by $2,784 (the FLSA unpaid wages award). Therefore, Plaintiff will be awarded $12,384 in damages. I arrive at this number by adding the Florida unpaid wages award ($9,600) with the FLSA liquidated damages award ($2,784).

## CONCLUSION

For the reasons above, summary judgment is granted in Plaintiff's favor. Final Judgment against Defendants and in favor of Plaintiff will be entered by separate order.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion for Summary Judgment (DE 33) is **GRANTED IN PART**.

(2) The Motion (DE 33) is only **DENIED** to the extent it calculates the FLSA unpaid wage award with the Florida minimum wage rate.

(3) Plaintiff is awarded $12,384 in damages.

(4) Calendar Call, which is currently set for November 20, 2019 at 1:15 p.m., is **CANCELLED.**

(5) The Jury Trial, which is currently set to begin on November 25, 2019 is **CANCELLED.**

(6) **Final Judgment** will be separately entered.

**SIGNED** in Chambers at West Palm Beach, Florida this 21 day of October, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record